IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ANGEL MANUEL GONZALEZ,

        Petitioner,

v.                                                                          Civil Action No. 3:08CV125
                                                                         Criminal Action No. 3:05CR7-3

UNITED STATES OF AMERICA,       (JUDGE BAILEY)

        Respondent.

**REPORT AND RECOMMENDATION
THAT §2255 MOTION BE DENIED**

**I. INTRODUCTION**

On July 31, 2008, petitioner placed into the prison's mailing system his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody[1], which was docketed on August 11, 2008.[2] The Court ordered the United States to respond on August 12, 2008.[3] On September 4, 2008, petitioner filed a Motion for Leave to Supplement 28 U.S.C.A. §2255 Motion.[4][5] The United States filed a Motion for Extension of Time to File

---

[1] The petitioner's one-year period to file a Motion Under 28 U.S.C. § 2255 expired on August 9, 2008 (See Docket No. 401) and the instant petition was not docketed until August 11, 2008. However, petitioner declared, in his motion, under penalty of perjury, that he placed his motion in the prison mailing system on July 31, 2008. Pursuant to the "mailbox rule" of Houston v. Lack, 487 U.S. 266 (1988), whereby a document is considered filed by a prisoner when it is delivered to prison officials for mailing, petitioner's motion is timely filed.

[2] Docket No. 413

[3] Docket No. 414

[4] Docket No. 415

[5] Pursuant to Federal Rule of Civil Procedure 15(c), untimely claims raised in an amendment "relate back" to the date of the original pleading if "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth . . . in the original pleading." Fed.R.Civ.P. 15(c)(2). The Supreme Court held that "relation back" is

Response,[6] which was granted by the Court on September 18, 2008.[7] The United States filed a Response to Petitioner's Motion Made Pursuant to 28 USC 2255 on October 8, 2008.[8] Petitioner filed a Motion for Extension of Time to File Reply and an Attachment Reply on November 6, 2008.[9]

## II. FACTS

### A. Conviction and Sentence

Petitioner, Matthew Dwayne Smith and Ernest Van Carr, were named in a Second Superseding Indictment charging them with various acts of drug trafficking.

Petitioner, Smith and Carr were charged in Count 1 with engaging in a conspiracy to distribute cocaine base, also known as "crack," in violation of Title 21, United States Code, Section 846.

Smith was also charged in Counts 2, 3, 4, 5, 6, 7, 8, and 9 with distribution and Count 10 with possession with intent to distribute cocaine[10] in violation of Title 2,1 United States Code, Section 841(a)(1).

---

proper only where "the original and amended petitions state claims that are tied to a common core of operative facts." Mayle v. Felix, 545 U.S. 644, 664 (2005). Both of petitioner's motions involved facts relating to the effectiveness of counsel, are tied to a common core of operative facts and thus relation back is proper.

    [6]Docket No. 418

    [7]Docket No. 422

    [8]Docket No. 427

    [9]Docket No. 430

    [10] Except for Count 5, which involved cocaine hydrochloride, all counts involved cocaine base, also known as "crack."

Carr was also charged in Counts 8 and 9 with distribution and Count 10 with possession with intent to distribute cocaine.

Gonzalez was also charged in Counts 5 and 11 with distribution of cocaine.

Petitioner proceeded, with his co-defendants, to a jury trial held before then Chief Judge Irene M. Keeley on January 9, 2006. The trial lasted six days, concluding on January 18, 2006 with the following jury verdict:

> Smith – Guilty as to Counts 1, 3, 4, 5, 7, 8, 9, and 10; Not Guilty as to Counts 2 and 6;
> Carr – Guilty as to Counts 1, 9, and 10; Not Guilty as to Count 8;
> Gonzalez – Guilty as to Counts 1, 5, and 11.

On May 17, 2006, all defendants appeared before the Court for sentencing. Smith was sentenced to 292 months incarceration as to Counts 1, 4, 7, 9, and 10 and 240 months incarceration as to Counts 3, 5, and 8. Carr and Gonzalez were sentenced to 151 months incarceration on each of their respective counts of conviction.

## B. **Appeal and Writ of Certiorari**

All three defendants appealed. The United States Court of Appeals for the Fourth Circuit affirmed the conviction and sentences of each defendant. See United States v. Smith, 2007 WL 1544813 (C.A.4 W.Va.)).

Smith filed a pro se petition for certiorari with the United States Supreme Court. See Fourth Circuit Court of Appeals, Docket No. 06-4550, Entry No. 80. The petition was denied on October 9, 2007. See Smith v. United States, 128 S.Ct. 408, 169 L.Ed.2d 286 (2007).

## C. **Federal Habeas Corpus**

Petitioner contends that his counsel rendered ineffective assistance because counsel:

1) introduced evidence of petitioner's prior drug conviction at trial;

2) committed cumulative errors;

3) failed to argue that petitioner was sentenced under a mandatory sentencing scheme; and

4) failed to make an adequate investigation of petitioner's case.

The Government contends that petitioner's claims have no merit because:

1) the facts underlying petitioner's previous conviction were previously admitted as evidence;

2) petitioner does not sufficiently identify cumulative errors, and those that he does were raised and answered on appeal;

3) petitioner was not sentenced under a mandatory sentencing scheme; and

4) petitioner does not demonstrate that his counsel's statements before trial prejudiced petitioner.

**D.** **Recommendation**

Based upon a review of the record, the undersigned recommends that the petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody be denied and dismissed from the docket because petitioner's claims are without merit.

### III. ANALYSIS

**A.** **Petitioner's Burden of Proof**

"A petitioner collaterally attacking his sentence or conviction bears the burden of proving his sentence or conviction was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence

4

exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack. 28 U.S.C. § 2255. A motion collaterally attacking a petitioner's sentence brought pursuant to § 2255 requires the petitioner to establish his grounds by a preponderance of the evidence." Sutton v. United States of America, 2006 WL 36859 *2 (E.D.Va. Jan. 4, 2006).

**B.    Procedurally Barred Claims**

Before evaluating the merits of petitioner's claims, the Court must determine which of petitioner's issues he may bring in his § 2255 motion and which are procedurally barred.

It is well settled that issues previously rejected on direct appeal may not be raised in a collateral attack. Boeckenhaupt v. United States, 537 F.2d 1182 (4th Cir. 1976). Constitutional errors that were capable of being raised on direct appeal but were not may be raised in a § 2255 motion so long as the petitioner demonstrates 1) "cause" that excuses his procedural default, and 2) "actual prejudice" resulting from the alleged error. United States v. Maybeck, 23 F.3d 888, 891 (4th Cir. 1994). Claims of ineffective assistance of counsel not raised on direct appeal and raised on collateral attack do not require a "cause and prejudice" showing because these claims are more appropriately raised on collateral attack than on direct appeal. See United States v. Richardson, 195 F.3d 192 (4th Cir. 1999), cert. denied, 528 U.S. 1096 (2000); White v. United States, 2006 U.S. Dist. LEXIS 45122, at *7-8 (S.D. W.Va. June 20, 2006).

It does not appear that any of petitioner's claims are procedurally barred.

**C.    Ineffective Assistance of Counsel**

Claims of ineffective assistance of counsel are measured under a two-part analysis outlined in Strickland v. Washington, 466 U.S. 668, 687 (1984). First, the petitioner must show that his counsel's performance fell below an objective standard of reasonableness. Id. at 688. In

5

reviewing claims of ineffective assistance of counsel, "judicial scrutiny of counsel's performance must be highly deferential," and the court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 689-90.

Second, the petitioner must demonstrate he was prejudiced by counsel's performance. In order to demonstrate prejudice, "the defendant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. If the defendant shows no prejudice from the alleged ineffectiveness of counsel, courts need not address counsel's performance. Fields v. Att'y Gen. of Maryland, 956 F.2d 1290, 1297 (4th Cir.), cert. denied, 506 U.S. 885 (1992).

**D.    Claim 1: Whether Counsel Rendered ineffective assistance by Introducing Evidence of Petitioner's Prior Drug Conviction at Trial**.

Petitioner argues that his counsel rendered ineffective assistance because counsel introduced evidence at trial of one of petitioner's prior drug convictions. Petitioner claims that the introduction was an unreasonable decision because had defendant testified at trial, the evidence would have been excluded as highly prejudicial under Federal Rule of Evidence 609. Petitioner contends that he was "highly" prejudiced because the jury could not avoid drawing the inference that petitioner committed a similar offense where the prior conviction was the result of a guilty plea in state Court to a charge of "possession of drugs on the same day that the instant indictment alleged he sold drugs."

If the defendant shows no prejudice from the alleged ineffectiveness of counsel, courts need not address counsel's performance. Fields v. Att'y Gen. Of Maryland, 956 F.2d 1290, 1297

reviewing claims of ineffective assistance of counsel, "judicial scrutiny of counsel's performance must be highly deferential," and the court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 689-90.

Second, the petitioner must demonstrate he was prejudiced by counsel's performance. In order to demonstrate prejudice, "the defendant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. If the defendant shows no prejudice from the alleged ineffectiveness of counsel, courts need not address counsel's performance. Fields v. Att'y Gen. of Maryland, 956 F.2d 1290, 1297 (4th Cir.), cert. denied, 506 U.S. 885 (1992).

**D.    Claim 1: Whether Counsel Rendered ineffective assistance by Introducing Evidence of Petitioner's Prior Drug Conviction at Trial**.

Petitioner argues that his counsel rendered ineffective assistance because counsel introduced evidence at trial of one of petitioner's prior drug convictions. Petitioner claims that the introduction was an unreasonable decision because had defendant testified at trial, the evidence would have been excluded as highly prejudicial under Federal Rule of Evidence 609. Petitioner contends that he was "highly" prejudiced because the jury could not avoid drawing the inference that petitioner committed a similar offense where the prior conviction was the result of a guilty plea in state Court to a charge of "possession of drugs on the same day that the instant indictment alleged he sold drugs."

If the defendant shows no prejudice from the alleged ineffectiveness of counsel, courts need not address counsel's performance. Fields v. Att'y Gen. Of Maryland, 956 F.2d 1290, 1297

(4th Cir.), cert. denied, 506 U.S. 885 (1992) (relying on Strickland v. Washington, 466 U.S. 668, 697 (1984)).

The Court finds it unnecessary to evaluate counsel's conduct to determine if her introduction of petitioner's prior conviction was deficient because petitioner cannot show that he was prejudiced.

For drug related conduct that occurred on July 29, 2002 in Charles Town, West Virginia, petitioner and Smith were charged in Jefferson County Circuit Court and pleaded guilty to a charge of possession of cocaine.[11] Petitioner was charged in Count Five of the second superseding indictment returned in criminal action number 3:05cr7 that on July 29, 2002 in Ranson, West Virginia, he aided and abetted in the distribution of cocaine hydrochloride.[12] On the first day of trial, before voir dire, the Assistant United States Attorney moved to introduce evidence at trial of the aforementioned state convicted transaction on July 29, 2002 pursuant to Federal Rule of Evidence 404(b) under the basis of identity, absence of mistake, motive, plan, preparation, and continuing pattern. (Trial transcript, Vol. 1, p. 46-47). The Government indicated that such information would come from the testimony of Government witnesses Lieutenant Harris, Officer Jeffries, and Kimberly Ziegenfuss. (Id. at 47). Counsel for Mr. Smith objected under Federal Rule of Evidence 403 that such evidence would be unfairly prejudicial to his client. (Id. at 47–48). Petitioner's counsel joined in the objection under Federal Rule of Evidence 403. (Id. at 48). The Court ruled as follows:

> As counsel know under Fourth Circuit precedent, Rule of Evidence

---

[11]This was not charged in the instant indictment.

[12]Docket No. 101

> 404(b) is a rule of inclusion, not exclusion, from the proffers of the
> parties. The Court finds that this is admissible evidence under
> 404(b), and denies--or overrules the defendants' objection to
> Government's indication that it intends to use this evidence in that
> regard. I would also find under 403 that its probative value, while
> prejudicial to the defendants, is not unfairly prejudicial, and that's
> what triggers under that rule of evidence is.

(Id. at 49). During cross examination of Lieutenant Harris, petitioners counsel introduced and published for the jury, petitioner's Sentencing Order from the aforementioned state conviction. (Trial transcript, Vol. IV, p. 97).

Petitioner cannot demonstrate prejudice because the jury already heard evidence of the facts underlying the state conviction in the United States' case in chief. *See* testimony of Kimberly Ziegenfuss (Trial transcript, Vol. III, p. 66-130); *See also* testimony of Officer John Jeffries (Trial transcript, Vol. III, p. 159–210); *See also* testimony of Lieutenant Harris (Trial transcript, Vol IV, p. 4–139). As previously noted, it was the ruling of the district court to permit the evidence to be admitted under Federal Rule of Evidence 404(b). Accordingly, because petitioner's counsel made the jury aware of an ultimate conviction can hardly be considered prejudicial, where the jury heard recounted three times the transaction underlying the transaction. Therefore, because the Court finds that the petitioner was not prejudiced, it will not analyze counsel's performance for deficiency. Relief should be denied.

E.  **Claim 2: Whether Counsel Rendered Ineffective Assistance by Committing Cumulative Errors.**

Petitioner argues that his counsel committed a number of errors, which, while not sufficiently egregious to vacate his conviction when considered individually, when aggregated require "a new trial on all counts, or in the alternative a vacatur of the sentence." Petitioner cites the following as the specific errors:

8

> "Here, through each of the 21 U.S.C. § 846, 21 U.S.C. § 841, and 18 U.S.C. § neglected errors. . . [a] serious flaw in Petitioner's PSR resulted in a two-point sentencing enhancement for possession of a firearm. . .counsel failed to take steps to raise the claims."

The United States Court of Appeals for the Fourth Circuit has recognized that cumulative error may serve as a basis for reversal. See United States v. Martinez, 277 F.3d 517, 532 (4th Cir. 2002). However, petitioner's claim should be denied because he does not identify particular instances of counsel's errors for the Court to review. First, the Court cannot determine the meaning behind petitioner's oblique reference to statutory "neglected errors." Second, petitioner raised, on appeal, the issue that the District Court erred in enhancing his base offense level two levels for possession of weapon, where the court stated that [o]ur review of the record convinces us that the district court did not clearly err in applying the enhancement." See United States v. Smith, 2007 WL 1544813 at *1 (C.A.4 W.Va.)). Accordingly, this issue has already been decided against petitioner.

Finally, To the extent that petitioner's complaint "counsel failed to take steps to raise the claims" relates to specific acts of counsel before appeal, petitioner fails to identify what further issues counsel failed to raise. To the extent that the contention is an argument that appellate counsel[13] rendered ineffective assistance for not raising particular issues on appeal or a cumulative error claim, counsel is not obligated to assert all nonfrivolous issues on appeal. Jones v. Barnes, 463 U.S. 745, 750 (1983). In determining whether an individual was provided ineffective assistance of counsel on appeal, the court must presume appellate counsel decided which issues would be most successful on appeal. Pruett v. Thompson, 996 F.2d 1560, 1568

---

[13] Petitioner was represented by new counsel on appeal.

(4th Cir. 1993), cert. denied, 510 U.S. 984 (1993). In fact, the Supreme Court noted as follows:

> Legal contentions, like the currency, depreciate through over-issue. The mind of an appellate judge is habitually receptive to suggestion that a lower court committed an error. But receptiveness declines as the number of assigned errors increases. Multiplicity hints at lack of confidence in any one. . . [E]xperience on the bench convinces me that multiplying assignments of error will dilute and weaken a good case and will not save a bad one.

Barnes, 463 U.S. at 752 (quoting Jackson, Advocacy Before the Supreme Court, 25 Temple L.Q. 115, 119 (1951)).

"Notwithstanding Barnes, it is still possible to bring a Strickland claim based on counsel's failure to raise a particular claim [on direct appeal] but it is difficult to demonstrate that counsel was incompetent." Smith v. Robbins, 528 U.S. 259, 288 (2000). "Generally, only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of counsel be overcome." Id.

The Court finds petitioner's contention unpersuasive. Petitioner fails to articulate exactly what issues appellate counsel should have raised on appeal as part of a cumulative ineffective assistance of error claim, and without such articulation, petitioner's claims certainly fails under the more rigorous standards of Smith, which requires that the unraised "issues are clearly stronger than those presented." Id. Moreover, petitioner's appellate counsel raised, on appeal, one contention of ineffective assistance of trial counsel–ineffective assistance for introducton of a prior state court conviction for possession of coccaine (petitioner's claim 1). United States v. Smith, 2007 WL 1544813 at *3 (C.A.4 W.Va.)).

**F.    Claim 3: Whether Counsel Rendered Ineffective Assistance in Failing to Argue that Petitioner was Sentenced Under a Mandatory Sentencing Scheme.**

Petitioner argues that he was sentenced under a mandatory sentencing scheme. Petitioner

10

maintains that the Court violated United States v. Booker, 543 U.S. 220 (2005) and failed to consider the factors enumerated in 18 U.S.C. § 3553(a)." Petitioner contends that counsel failed to argue this point to the court, thereby rendering ineffective assistance.

This claim is not supported by the facts. First, petitioner erroneously treats his argument as if he were sentenced immediately preceding or immediately proceeding the decision in Booker. However, petitioner was sentenced on May 17, 2006, long after the decision in Booker. Second, petitioner makes no indication that he was sentenced in violation of Booker, except for stating that he was. Finally, reading the Sentencing transcript indicates that the Court followed its duties under 18 U.S.C. § 3553. *See* sentencing transcript, p. 272 (court noting that it has to address 3553 issues even though no defendant is raising them); *See also* sentencing transcript, p. 282-290 (court mechanically going through the factors and noting guideline ranges for each defendant). *See also* sentencing transcript, p. 299-303 (Court imposing sentence on petitioner). Moreover, petitioner does not suggest any factors that the court did not consider, nor does he offer factors that would have weighed in his favor.

Petitioner's claim is conclusory and unsupported by the facts. As a result, relief should be denied.

### G.     Claim 4: Whether Counsel Rendered Ineffective Assistance in Failing to Prepare for Trial

Petitioner argues that his counsel was not prepared to offer a defense on the first day of trial. For support, petitioner cites to the trial transcript wherein his counsel stated, on record, that she was "not fully prepared as much as I could be" and that to proceed would "set [ ] up prejudice for my client." Petitioner concurrently contends that his counsel did not adequately investigate his case.

11

The Fourth Circuit has held that "an attorney's representation is deficient when he fail[s] to contact and interview important prospective witnesses, especially when they were readily available or had been identified by the defendant prior to trial." Huffington v. Nuth, 140 F.3d 572, 580 (4th Cir. 1998). Although "a lawyer's failure to investigate a witness who has been identified as crucial may indicate an inadequate investigation, the failure to investigate everyone whose name happens to be mentioned by the defendant does not suggest ineffective assistance." Id. (citations omitted).

With regard to claims of ineffective assistance of counsel for failure to investigate, the Supreme Court has noted that while "[counsel] could well have made a more thorough investigation than he did. Nevertheless, in considering claims of ineffective assistance of counsel, '[w]e address not what is prudent or appropriate, but only what is constitutionally compelled.'" Burger v. Kemp, 483 U.S. 776, 794 (1987) (quoting United States v. Cronic, 466 U.S. 648, 665 n. 38 (1984)).

Petitioner is correct that counsel did state that, "I am not fully prepared as much as I could be for this client to go to trial" and that although her client did not want to postpone trial counsel's continued representation "sets up prejudice" for her client. (Trial transcript, Vol. 1, p. 14). The Court then asked counsel:

> THE COURT: Ms. Lewis, are you telling me as you stand up here
> in court today that you feel that you have not effectively
> represented your client, and that you can't go to trial today?

(Id.). Counsel responded, "Yes." (Id.). Counsel's admission is nearly unprecedented. However, as Judge Keeley aptly noted, counsel "can't just stand up and make a bald statement that because this is your first trial, you, therefore, ipso facto, going to be ineffective." (Id. at 28).

The Court then questioned petitioner to determine her preparation. Counsel had prepared an opening statement. (Id. at 29). Counsel prepared to cross-examine Government witnesses. (Id.). Counsel had received and reviewed all discovery. (Id.). Counsel, on an ongoing basis, met, discussed and showed petitioner discovery, including video tape evidence. (Id. at 29–30). Counsel reviewed all witness statements. (Id. at 30). Counsel reviewed and discussed all witness statements with petitioner. (Id. at 30). The Court then elicited that counsel's chief concern was that there were some witnesses that she would have liked to speak with before trial. (Id. at 30-31). To remedy any problem, the Court directed the Government to advise counsel where witnesses were, so that counsel could conduct a pre-testimony interview. (Id. at 31-33). Thereafter, counsel fully participated in all aspects of trial.

The Court finds petitioner's claim without merit or support. Besides citing counsel's statement that she was unprepared, petitioner offers no indication or evidence or counsel's unpreparedness. Any suggestion that petitioner was prejudiced because counsel failed to investigate, is quashed by counsel's admissions to reviewing discovery and witness statements, and being permitted to interview witnesses before testimony. Further, the petitioner must explain what additional evidence would have been obtained from the additional interviews or meetings. See Bassette v. Thompson, 915 F.2ed 932, 940-41 (4th Cir. 1990). Petitioner has not so explained.

From the record, it appears as though counsel was simply nervous about her first trial. However, counsel's active participation, admissions of preparation, and the curative remedy of the Court belie any conclusory prejudice claimed by petitioner.

## IV. OTHER MATTERS

1. Petitioner's Motion for Leave to Supplement 28 U.S.C.A. §2255 Motion (Dckt. 415) is **GRANTED**.

2. Petitioner's Motion for Extension of Time to File Reply and an Attachment Reply (Dckt. 430) is **GRANTED**, in so much as the Attachment Reply filed with this motion constitutes the only Reply.

## V. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Petitioner's §2255 motion be **DENIED** and dismissed from the docket.

Within ten (10) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable John P. Bailey, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: January 12, 2009

/s/ *James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE