**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**ANGEL MANUEL GONZALEZ,**

    Petitioner,

v.                                   **CIVIL ACTION NO. 3:08-CV-125
CRIMINAL ACTION NO. 3:05-CR-7-3
(BAILEY)**

**UNITED STATES OF AMERICA,**

    Respondent.

**ORDER ADOPTING REPORT AND RECOMMENDATION**

I.    Introduction

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation of United States Magistrate Judge James E. Seibert. By Standing Order, this action was referred to Magistrate Judge Seibert for submission of a proposed report and a recommendation ("R & R"). Magistrate Judge Seibert filed his R & R on January 13, 2009 [Civ. Doc. 4 / Crim. Doc. 439]. In that filing, the magistrate judge recommended that this Court deny the § 2255 petition.

Pursuant to 28 U.S.C. § 636 (b) (1) (c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo*

review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Seibert's R & R were due within ten (10) days of its receipt, pursuant to 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b). The petitioner timely filed his objections on January 26, 2009. Accordingly, this Court will undergo a *de novo* review of the portions of the R&R to which the petitioner objects. The remaining portions will be reviewed for clear error.

II.  Discussion

If the defendant shows no prejudice from the alleged ineffectiveness of counsel, courts need not address counsel's performance. **Fields v. Att'y Gen. Of Maryland**, 956 F.2d 1290, 1291 (4th Cir.), *cert. denied*, 506 U.S. 885 (1992) (relying on **Strickland v. Washington**, 466 U.S. 668, 697 (1984)).

Petitioner argues that his counsel was not prepared to offer a defense on the first day of trial. For support, petitioner cites to the trial transcript wherein his counsel stated, on record, that she was "not fully prepared as much as I could be" and that to proceed would "set [ ] up prejudice for my client." Petitioner concurrently contends that his counsel did not adequately investigate his case.

The Fourth Circuit has held that "an attorney's representation is deficient when he fail[s] to contact and interview important prospective witnesses, especially when they were readily available or had been identified by the defendant prior to trial." **Huffington v. Nuth**, 140 F.3d 572, 580 (4th Cir. 1998). Although "a lawyer's failure to investigate a witness who has been identified as crucial may indicate an inadequate investigation, the failure to investigate everyone whose name happens to be mentioned by the defendant does not

suggest ineffective assistance." *Id*. (citations omitted).

With regard to claims of ineffective assistance of counsel for failure to investigate, the Supreme Court has noted that while "[counsel] could well have made a more thorough investigation than he did; nevertheless, in considering claims of ineffective assistance of counsel, '[w]e address not what is prudent or appropriate, but only what is constitutionally compelled.'" **Burger v. Kemp**, 483 U.S. 776, 794 (1987) (quoting **United States v. Cronic**, 466 U.S. 648, 665 n. 38 (1984)).

Petitioner is correct that counsel did state that, "I am not fully prepared as much as could be for this client to go to trial" and that although her client did not want to postpone trial counsel's continued representation "sets up prejudice" for her client. (Trial transcript, Vol. 1, p. 14).

As stated in the petitioner's objections, the Court then asked counsel:

"Ms. Lewis, are you telling me as you stand up here in court today that you feel that you have not effectively represented your client, and that you can't go to trial today?"

Counsel responded, "Yes." Counsel's admission is nearly unprecedented, however, as Judge Keeley appropriately noted, counsel "can't just stand up and make a bald statement that because this is your first trial, you, therefore, *ipso facto*, going to be ineffective."

The Court then questioned petitioner to determine her preparation. Counsel had prepared an opening statement, prepared to cross-examine Government witnesses, received and reviewed all discovery, met, discussed and showed petitioner discovery, including video tape evidence, reviewed all witness statements, and reviewed and

discussed all witness statements with petitioner. The Court then elicited that counsel's chief concern was that there were some witnesses that she would have liked to speak with before trial. To remedy any problem, the Court directed the Government to advise counsel where the witnesses were, so that counsel could conduct a pre-testimony interview. Thereafter, counsel fully participated in all aspects of trial.

This Court finds petitioner's claim to be without merit or support. Besides citing counsel's statement that she was unprepared, petitioner offers no indication or evidence or counsel's unpreparedness. Any suggestion that petitioner was prejudiced because counsel failed to investigate, is quashed by counsel's admissions to reviewing discovery and witness statements, and being permitted to interview witnesses before testimony. Further, the petitioner must explain what additional evidence would have been obtained from the additional interviews or meetings. *See **Bassette v. Thompson***, 915 F.2ed 932, 940-41 (4th Cir. 1990). Petitioner has not so explained.

From the record, it appears as though counsel was simply nervous about her first trial. Counsel's active participation, admissions of preparation, and the curative remedy of the Court, however, belie any conclusory prejudice claimed by petitioner.

III. Conclusion

Accordingly, upon careful review of the report and recommendation, it is the opinion of this Court that the **Magistrate Judge's Report and Recommendation [Civ. Doc. 4 / Crim. Doc. 439]** should be, and the same is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. This Court **OVERRULES** the petitioner's objections **[Civ. Doc. 5 / Crim. Doc. 470]**. Therefore, this Court hereby **DENIES** the petitioner's § 2255 motion **[Civ. Doc. 1 / Crim. Doc. 413]** and **ORDERS** it **STRICKEN** from

the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED:** May 8, 2009.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE